The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Dollar and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award, with the exception of some minor changes to Conclusion of Law two and paragraphs one and two of the Deputy Commissioner's Order.
* * * * * * * * * * *
By agreement of the parties, evidence which would have been presented by witnesses at the scheduled hearing was stipulated. These stipulated facts were included in the I.C. Form 21 Agreement for Compensation, which was approved by the Industrial Commission on October 19, 1992; the four I.C. Form 26 Supplemental Agreements for Compensation, which were approved by the Commission on November 5, 1992, January 8, 1993, August 26, 1993, and January 19, 1994, respectively; and in the Consent Order, which was filed by the Commission on February 22, 1996.
Based upon the stipulated evidence presented, the Full Commission finds as follows:
FINDINGS OF FACT
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employment relationship existed between the parties at the relevant time.
3. Electric Mutual Liability Insurance was the carrier on the risk, with Sedgwick of Kentucky as the administering agent.
4 The plaintiff's average weekly wage is $555.32 per week which yields a compensation rate of $370.15.
5. Plaintiff started missing time from work because of an admittedly compensable occupational disease, bilateral carpal tunnel syndrome, on or about June 11, 1992, and returned to work on August 17, 1992.
6. Plaintiff missed various periods of work for which he has been paid all compensation due up to and including February 1, 1995, when pursuant to a Form 26 he was paid for a permanent partial impairment to his right arm of 14% and his left arm of 13% at the compensation rate of $370.23 for 64.8 weeks.
7. On April 12, 1995, plaintiff was laid off from his employment with General Electric Company.
8. Following his layoff, plaintiff was paid $9,749.18 under a General Electric Income Extension Benefit Plan funded by defendant-employer.
9. The wage continuation benefits was a result of economic conditions and not as a result of any disablement from work due to an injury.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 97-42 provides:
 Unless otherwise provided by the plan, when payments are made to an injured employee pursuant to an employer funded salary continuation, disability or other income replacement plan, the deduction shall be calculated from payments made by the employer and each week during which compensation was due and payable, without any carry forward or carry back of credit for amounts paid in excess of the compensation rate in any given week.
However, in this case, plaintiff's salary continuation was as a result of economic conditions and not as a result of any disablement from work due to an injury. Therefore, N.C. Gen. Stat. § 97-42 does not apply to this situation.
2. Because the payments under the Income Extension Benefit Plan were paid to all General Electric employees due to a plant shutdown, the payments constituted income to plaintiff. Therefore, benefits due plaintiff during the period in question shall be calculated as diminished wages pursuant to N.C. Gen. Stat. 97-30.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. All benefits due plaintiff shall be calculated pursuant to N.C. Gen. Stat. § 97-30 and paid for the period during which the salary continuation was provided due to the plant layoff and subsequent shutdown.
2. Defendants shall pay the costs of this appeal.
 S/ ______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ _______________________ DIANNE C. SELLERS COMMISSIONER
S/ _______________________ COY M. VANCE COMMISSIONER